812 F.2d 1406
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jerry DYSON, Ethel Dyson, and Ottway Dyson, Plaintiffs-Appellants,
v.
CITY OF CLEVELAND, et al., Defendants-Appellees.
 No. 85-4079.
 United States Court of Appeals, Sixth Circuit.
 Jan. 13, 1987.
 
 Before WELLFORD and GUY, Circuit Judges, and PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiffs appeal the trial court's entry of summary judgment in favor of defendants in this civil rights action. Plaintiffs alleged that defendants deprived them of rights secured by the Constitution when defendant police officers broke into their home and searched and detained them without a warrant. For the reasons set forth below, we vacate the entry of summary judgment and remand for further proceedings.
 
 
 2
 On February 18, 1983, a bank robbery occurred in the City of Cleveland at the Central National Bank. A teller at the bank described the suspects as a black female, 25 years old, 5'6" tall, with medium build, and a black male, age 25, 5'6" to 5'10" tall, medium to thin build, with a neat mustache and short black hair. An off-duty Cleveland Police Officer, Ralph Thomas, saw a black male and black female running in the vicinity of the bank. Thomas drove his car around the block, and saw a rust colored auto drive past at a high rate of speed with two black people inside. Thomas wrote down the license number, returned to the bank, and gave this information to the officers on the scene. It was learned that the auto was registered to Ethel Dyson. Also present at the bank investigating the robbery was defendant FBI Agent Robert Connole.
 
 
 3
 Upon learning the address of Ethel Dyson, the officers drove to her house. The rust colored car was parked in the driveway. The officers determined that they had probable cause to search the house, and that the present circumstances did not require a search warrant. Nevertheless, the officers decided to knock on the door and attempt to obtain consent to the entry and search. While the officers surrounded the house, Detective Mervine approached the rear of the house. Ottway Dyson was seated on the rear porch. It is disputed whether or not Mervine, who was in plain clothes, identified himself as a police officer, but it is uncontroverted that Ottway Dyson, upon seeing Mervine, hesitated for a moment, and then ran into the house and locked the door.
 
 
 4
 Detective Mervine and a uniformed patrolman pursued Ottway into the house, using force to open the door. The officers entered the house and frisked and searched the plaintiffs. Plaintiffs were forced to stand against the wall at gunpoint for several minutes. Eventually, the plaintiffs were allowed to sit while awaiting the arrival of a bank teller who was to attempt a field identification. When the teller arrived, he informed police that the Dysons were not the perpetrators of the robbery. The officers apologized and left. Subsequently, the City of Cleveland repaired the plaintiffs' door.
 
 
 5
 Plaintiffs brought this civil rights action pursuant to 42 U.S.C. Secs. 1981, 1982, 1983, and 1985, alleging deprivation of constitutional rights in the warrantless entry and breaking and entering of their home, and for unlawful detention and use of excessive force. Defendants moved for summary judgment. The district court granted defendants' motion, holding:
 
 
 6
 [T]he court is of the view that under the circumstances, the law enforcement officials involved in this incident had probable cause to enter the Dyson home without a warrant. United States v. Renfro, 620 F.2d 569 (6th Cir.1980). In addition, it is clear that the officers had a good faith belief that the bank robber was inside. The manner of entry and subsequent search and detention of the plaintiffs was not unreasonable under these circumstances. The defendants conducted themselves accordingly while inside the Dyson home until it was ascertained that the plaintiffs were not connected to the bank robbery.
 
 
 7
 On appeal, plaintiffs argue that the district court erred in granting summary judgment, contending that there are several genuine issues of material fact yet to be resolved.
 
 
 8
 In relation to the trial court's finding that defendants had probable cause to enter plaintiffs' home without a warrant, plaintiffs argue that the doctrine of hot pursuit could not justify such search. Plaintiffs allege that too much time expired between the robbery and the search to constitute "hot pursuit." In addition, they claim that because there was no continuous pursuit of the suspects, the doctrine is inapplicable.
 
 
 9
 As to the doctrine of exigent circumstances, plaintiffs likewise argue that none existed. They point out that money is not the type of evidence likely to be destroyed so as to justify an immediate search. Plaintiffs also allege that since defendants failed to identify themselves as police officers, defendants themselves created the exigent circumstances, as it is inevitable that when approached by an unidentified person who is not in uniform and who is waving a gun a person will take flight or head for safety. Accordingly, plaintiffs contend that defendants cannot now take advantage of a circumstance of their own making.
 
 
 10
 Finally, plaintiffs argue that it would not have been impractical for defendants to secure a warrant, since plaintiffs were unaware that their home had been surrounded. They urge that some officers could have surreptitiously watched the premises while a warrant was secured. Plaintiffs also challenge the trial court's finding that defendants acted in good faith. They submit that since there was no probable cause for the search, the defendants could not have acted in good faith. They also allege the need for further discovery on this issue.
 
 
 11
 We are unable to satisfactorily determine whether, as plaintiffs allege, the trial judge resolved disputed factual questions, since the bases for the trial court's conclusions have not been specified. Although the trial court found that probable cause existed for the warrantless entry and search of plaintiffs' home, the court failed to set forth the legal theory which justified such a search, or to set forth what circumstances justified its view that probable cause existed. Similarly, while acknowledging that on a motion for summary judgment the non-moving party's factual allegations must be taken as true, it is not clear that the court actually took into full account these allegations in reaching its decision.
 
 
 12
 We face the same problem when reviewing the court's finding that the defendants acted in good faith. The basis and reason for making such a finding of "good faith belief" is unclear. If the court is saying that an inquiry into the defendants' subjective states of mind reveals they were acting in good faith, it is unclear how this determination was made on a motion for summary judgment. If, however, the court is making a finding with regard to whether defendants are entitled to qualified immunity, the question depends upon the objective reasonableness of defendants' conduct as measured by reference to clearly established law. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Malley v. Briggs, 106 S.Ct. 1092, 1096 (1986). Under this standard, whether defendants also acted in subjective good faith is irrelevant. Id. Each of the defendants may have different circumstances and factors peculiar to him or to it with respect to these determinations.
 
 
 13
 For these reasons, we vacate the judgment of the district court and remand this case for further proceedings. By so doing, we are not concluding that this case was or was not ripe or appropriate for disposition by summary judgment. We simply hold that we are unable to adequately review plaintiffs' arguments on this record as they relate to the issue of disputed facts.
 
 
 14
 The judgment of the district court is VACATED and this case is REMANDED for further proceedings.